RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 5/27/14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **FREDDIE R. LEWIS** | **DOCKET NO. 1:10-CV-291; SEC. P** |
| **VERSUS** | **JUDGE TRIMBLE** |
| **TIM WILKINSON, ET AL.** | **MAGISTRATE JUDGE KIRK** |

## REPORT AND RECOMMENDATION

Pro se Plaintiff, Freddie R. Lewis, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (DOC), and he is incarcerated at the Winn Correctional Center (WNC) in Winnfield, Louisiana. He, along with numerous other inmates, filed suit complaining of strip searches conducted twice a day in violation of the United States Constitution and DOC regulations. He asked for injunctive relief and punitive damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleged that has worked at the Prison Enterprises Garment Factory at WNC since October 2, 2009. [Doc. #1, p.6] He alleged that he was forced to "strip completely naked and lift genitals and spread buttocks" at the end of each shift. [Doc. #1, p.6] Plaintiff claims that this search is unreasonable, unconstitutional, conducted in violation of DOC rules, and without

probable cause.

## Law and Analysis

Lewis sought injunctive relief and punitive damages. Plaintiff is no longer incarcerated at Winn Correctional; he is now participating in the East Baton Rouge Parish Work Release program. The transfer of a prisoner out of an allegedly offending institution generally renders his claim for injunctive relief moot. See Herman v. Holiday, 238 F.3d 660 (5th Cir. 2001), citing Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078, 1081 (5th Cir.1991)(per curiam)(holding that prisoner transferred out of offending institution could not state a claim for injunctive relief). In order for Plaintiff's claim to remain viable, he would have to show either a "demonstrated probability" or a "reasonable expectation" that he would again be incarcerated at WNC. See Murphy v. Hunt, 455 U.S. 478, 482 (1982). There is no expectation that Plaintiff would return to WNC, as he is now participating in work release. Therefore, his claim for injunctive relief is without merit.

Likewise, Plaintiff's claim that he is entitled to any kind of relief because the searches were allegedly conducted in violation of state policy is also without merit. An inmate's right to be free from unconstitutional searches arises under the Constitution of the United States, not state policy. The failure of state officials to fulfill their duties under state law does not give

rise to a federal constitutional claim. See <u>Myers v. Klevenhagen</u>, 97 F.3d 91, 94 (5th Cir. 1996) (holding that a prison official's failure to follow the prison's own policies, procedures, and regulations does not constitute a violation of due process if constitutional minima are nevertheless met).

In addition to injunctive relief, Plaintiff prayed for punitive damages ("penalties" and "sanctions"). In another case involving these same claims, the Fifth Circuit Court of Appeal recently held that dismissal of the Plaintiff's Fourth Amendment claim was premature because the record contained no justification, penological or otherwise, for the strip searches. See <u>Scheidel v. Secretary of Public Safety and Corrections</u>, --- Fed.Appx. ----, 2014 WL 1379199 (5th Cir. 4/9/14). Therefore, Plaintiff's Fourth Amendment claim for damages only will be served on the defendants.

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's claim for injunctive relief be **DENIED AND DISMISSED as MOOT**, as he is no longer at Winn Correctional, and there is no reasonable likelihood that he will return to Winn. Plaintiff's claim regarding the failure of defendants to follow state policy should also be **DENIED AND DISMISSED**. Plaintiff's Fourth Amendment claim for damages will be served pursuant to a separate order.

*Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and**

3

Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 23rd day of May, 2014.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE